UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OMERO BECERRA RODRIGUEZ, | ) | 1:05-0230 LJO HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO DISMISS |
| | ) | [Doc. #12] |
| v. | ) | |
| | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| J. MARSHALL, | ) | [Doc. #1] |
| | ) | |
| Respondent. | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties having voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated July 27, 2005, this case was assigned to the undersigned for all purposes, including entry of final judgment.

**BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kern, following his conviction by jury

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition, and Petitioner's opposition to Respondent's motion to dismiss.

trial on September 5, 2001, of one count of assault with force likely to produce great bodily injury in violation of Cal. Penal Code § 245(A)(1), one count of battery resulting in great bodily injury in violation of Cal. Penal Code § 243(D), and one count of burglary in the first degree in violation of Cal. Penal Code § 460(A).  See Lodged Document No. 1, Exhibits Lodged in Support of Answer (hereinafter "Exhibits). Allegations that Petitioner had personally inflicted great bodily injury were found to be true. Id. On November 1, 2001, Petitioner was sentenced to serve a determinate term of 17 years in state prison; however, the trial court stayed 10 years of Petitioner's sentence.  Id.

Petitioner appealed the conviction. On March 11, 2003, the California Court of Appeal, Fifth Appellate District (hereinafter "5th DCA"), affirmed the judgment. See Lodged Document No. 2, Exhibits.

On April 25, 2003, Petitioner filed a petition for review in the California Supreme Court. See Lodged Document No. 3, Exhibits. On June 11, 2003, the California Supreme Court denied the petition. See Lodged Document No. 4, Exhibits.

On August 19, 2004, Petitioner filed a supplemental petition for review with the California Supreme Court.[2] See Lodged Document No. 5, Exhibits. The supplemental petition for review was construed as a petition for writ of habeas corpus, and on September 22, 2004, the California Supreme Court denied the petition. See Lodged Document No. 6, Exhibits.

On January 11, 2005, Petitioner filed a petition for writ of habeas corpus with the 5th DCA. See Lodged Document No. 7, Exhibits. On January 21, 2005, the 5th DCA denied the petition as untimely. See Lodged Document No. 8.

On February 2, 2005, Petitioner filed a petition for writ of habeas corpus in this Court.  The petition raises the following four claims: 1) "[T]rial court imposed an illegal enhancement"; 2) "[D]ue process was violated when trial court instructed jury as to a 'group beating' exception, use of

---

[2] Although the petition actually was filed in the California Supreme Court on September 8, 2004, the petition's proof of service was dated August 19, 2004.  In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).  The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the petition filed on August 19, 2004, the date Petitioner presumably handed his petition to prison authorities for mailing.

illegal enhancement"; 3) "[D]ue process violation because evidence did not support petitioner inflicted great bodily injury"; and 4) "[C]ourt erred when it denied appellant's request to obtain juror records to establish juror misconduct."

On June 7, 2005, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1).

On August 12, 2005, Petitioner filed an opposition to Respondent's motion to dismiss.

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on February 14, 2005, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme Court on June 11, 2003. Direct review concluded on September 9, 2003, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner had one year until September 9, 2004, absent applicable tolling, to file his federal petition for writ of habeas corpus. However, Petitioner delayed filing the instant petition until February 14, 2005, over five months beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 214-15, 122 S.Ct. 2134 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000).

As stated above, the statute of limitations began to run on September 9, 2003.  On August 19, 2004, Petitioner filed a supplemental petition for review with the California Supreme Court which was construed as a petition for writ of habeas corpus.  At that point, 345 days of the limitations period had run leaving Petitioner with 20 days remaining.  Petitioner is entitled to tolling pursuant to 28 U.S.C. § 2244(d)(2) for the time this petition was pending.  On September 22, 2004, the California Supreme Court denied the petition. The limitations period recommenced and expired 20 days later on October 13, 2004.  Although Petitioner filed a subsequent petition for writ of habeas corpus in the 5th DCA on January 11, 2005, that petition did not operate to toll the statute of limitations because the limitations period had already expired. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002). Therefore, the instant petition is untimely, having been filed over four months beyond the limitations period.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). As set forth by the Supreme Court, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, __ U.S. __, 124 S.Ct. 1807, 1814, 2005 WL 957194 (2005). It should be noted that equitable tolling is the exception rather than the rule. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (explaining that equitable tolling "do[es] not extend to what is at best a garden variety claim of excusable neglect"). Petitioner bears the burden of alleging facts that would give rise to tolling.  Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner argues that he was prevented from timely filing the federal petition because his appellate counsel failed to notify him when the petition for review was denied by the California Supreme Court. Petitioner contends his appellate counsel told him he would be kept informed and he believed his petition for review was still pending when he filed his supplemental petition for review on September 8, 2004. In actuality, the petition had been denied nearly fifteen months earlier on June 11, 2003.

The Ninth Circuit and several other circuits have held that "the miscalculation of the limitations period by . . . counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling." Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir.2001), *cert. denied*, __ S.Ct. __, No. 01-1306, 2002 WL 386653 (U.S. May 13, 2002); Miranda v. Castro, 292 F.3d 1063 (9th Cir.2002); Smaldone v. Senkowski, 273 F.3d 133, 138-39 (2d Cir.2001) (finding "attorney error inadequate to create the 'extraordinary' circumstances equitable tolling requires"); Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.2001) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir.2000) ("[W]e cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that 'extraordinary circumstance' ... that would justify equitable tolling."); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir.1999) (concluding that attorney's miscalculation of limitations period was not a valid basis for equitable tolling); Kreutzer v. Bowersox, 231 F.3d 450, 463 (8th Cir.2000) ("[C]ounsel's confusion about the applicable statute of limitations does not warrant equitable tolling ."); Steed v. Head, 219 F.3d 1298, 1300 (11th Cir.2000) ("An attorney's

1  miscalculation of the limitations period or mistake is not a basis for equitable tolling.").

2       The Court finds that Petitioner should not be entitled to equitable tolling. As noted above, appellate counsel's negligence alone does not constitute an extraordinary circumstance sufficient to justify equitable tolling. Furthermore, although Petitioner's appellate attorney failed to notify Petitioner of the denial by the California Supreme Court, she did forewarn Petitioner that there existed a one-year statute of limitations for filing a federal habeas action. In addition, in her letter of April 21, 2003, she emphatically advised Petitioner to commence preparations for a federal habeas action if it was his desire to pursue such relief. See Attachments to Petition. Furthermore, California Rule of Court 28(b)(2) places petitioners on notice that petitions for review will be decided within 90 days. See Smith v. Roe, 1998 WL 657667, *3 n.5 (C.D. Cal.1998). Nevertheless, Petitioner did not heed counsel's warnings and failed to inquire into the status of his case for sixteen months. This extremely lengthy delay, despite appellate counsel's failure, constitutes a lack of diligence on Petitioner's part. This finding is further substantiated by Petitioner's demonstrated lack of diligence following the denial of his habeas petition by the California Supreme Court. Notwithstanding his counsel's warnings of a one-year limitations period and her advisements that he immediately begin preparations for his federal petition, Petitioner did not at once pursue habeas relief in the federal court following the California Supreme Court's denial. He delayed again, and did not attempt to file his federal habeas petition for an additional 111 days.[3] Therefore, this Court finds Petitioner's lack of diligence precludes entitlement to equitable tolling. Pace, 121 S.Ct. at 1815. In addition, Petitioner has not shown that he was in any way prevented from timely filing his federal habeas petition. Accordingly, Petitioner is not entitled to equitable tolling and the petition remains untimely.

///
///
///
///
///

---

[3] Petitioner filed a habeas petition in the 5th DCA on January 11, 2005; however, in his opposition Petitioner states he was attempting to file a federal habeas petition but mistakenly sent it to the wrong court.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss the petition for violating the one-year statute of limitations is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE; and

3) The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:    August 23, 2005**                              **/s/ Lawrence J. O'Neill**
b9ed48                                                     UNITED STATES MAGISTRATE JUDGE