# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMERO BECERRA RODRIGUEZ, | 1:05-CV-0230 GSA HC |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [Doc. #12] |
| v. | ORDER DISMISSING PETITION WITH PREJUDICE AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |
| J. MARSHALL, | |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on remand from the Ninth Circuit Court of Appeals. Petitioner is represented in this action by Katherine Hart, Esq. The parties having voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated July 27, 2005, this case was assigned to the Magistrate Judge for all purposes, including entry of final judgment.

**BACKGROUND**

On September 4, 2001, Petitioner was convicted in Kern County Superior Court by jury trial of one count of assault with force likely to produce great bodily injury in violation of Cal. Penal Code § 245(A)(1), one count of battery resulting in great bodily injury in violation of Cal. Penal Code § 243(D), and one count of burglary in the first degree in violation of Cal. Penal Code

§ 460(A). <u>See</u> Lodged Document No. 1, Exhibits Lodged in Support of Motion to Dismiss. He was sentenced to serve 17 years; however, the trial court stayed 10 years of the sentence. Petitioner has since been released.

Respondent filed a motion to dismiss the petition on June 7, 2005, for violating the statute of limitations set forth in 28 U.S.C. § 2244(d). The Court granted the motion and ordered the petition dismissed on August 24, 2005.

Petitioner appealed the judgment to the Ninth Circuit Court of Appeals. On July 2, 2007, the Ninth Circuit issued an order reversing and remanding the matter to the district court for purpose of holding an evidentiary hearing to determine whether Petitioner should be entitled to equitable tolling. Judgment was entered on July 27, 2007.

Since then, the Court has undertaken further factual development with respect to Petitioner's claim for equitable tolling. The parties have conducted discovery and produced several documents for the Court's review.

**DISCUSSION**

I.  Necessity for Evidentiary Hearing

In <u>Blackledge v. Allison</u>, 431 U.S. 63, 80 (1977), the Supreme Court addressed the necessity of holding an evidentiary hearing. The Supreme Court specifically stated that "the district judge (or a magistrate to whom the case may be referred) may employ a variety of measures in an effort to avoid the need for an evidentiary hearing." <u>Id</u>. at 81. Specifically, the Court noted that, pursuant to Rule 6, "there may be instances in which discovery would be appropriate (before an evidentiary hearing, and would show such a hearing) to be unnecessary . . . ." <u>Id</u>. at 81, *quoting* Advisory Committee Note to Rule 6, Rules Governing Section 2254 Case.

Under Rule 7 of the Federal Rules Governing §2254 Cases, a federal court, either on a party's motion or sua sponte, "may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition." Habeas Rule 7 is a "simplifying procedure" designed to "minimize the burden to all concerned" of the fact development process. <u>Murray v. Carrier</u>, 477 U.S. 478, 487 (1986).  Rule 7's "purpose is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings without the time and expense

required for an evidentiary hearing," hence to "eliminate . . . unnecessary hearings." Advisory Committee Note to Rule 7 of the Rules Governing §2254 Cases.

Under Rule 7, "affidavits may be submitted and considered as part of the record." Habeas Rule 7; Schlup v. Delo, 513 U.S. 298, 308-10 & n.18 (1995) (approvingly discussing petitioner's request to supplement the record and support his claims of innocence in support of the manifest miscarriage of justice exception to successive petition defense - by expanding record to include "affidavits from inmates [and others] who stated they had witnessed the event and that [petitioner] had not been present"); Mitchell v. Kemp, 483 U.S. 1026, 1026 (1987) (Marshall, J., dissenting from denial of certiorari) (ineffective assistance of counsel claim litigated on basis of affidavits made part of district court record); Shah v. United States, 878 F.2d 1156, 1162-63 (9th Cir.), *cert. denied*, 493 U.S. 869 (1989) (record expanded to include affidavit state submitted with its response); Brown v. Dixon, 891 F.3d 490, 492-94 (4th Cir.1989) (record expanded on appeal to include affidavits discussing interviews with newly discovered witness: court did not factor affidavits into decision because new "information remained largely undeveloped and unsubstantiated").

The Ninth Circuit remanded this matter for further factual development of Petitioner's claim for equitable tolling in order to determine whether equitable tolling should apply. According to the appellate court, "the record is not clear as to what efforts Rodriguez made to contact appellate counsel's office or when any purported communications occurred. Thus, we cannot evaluate whether appellate counsel's oversight was sufficiently egregious or whether Rodriguez acted with the requisite diligence to justify equitable tolling." The court remanded the case for an evidentiary hearing, and initially, an evidentiary hearing was set in this matter. However, based upon the evidence submitted by the parties, and representations by the parties that additional discovery would not prove fruitful, it appears an evidentiary hearing is not necessary.

## II.  Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). As set forth by the Supreme Court,

"a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). It should be noted that equitable tolling is the exception rather than the rule. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Petitioner bears the burden of alleging facts that would give rise to tolling. Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner argues that he was prevented from timely filing the federal petition because his appellate counsel failed to notify him when the petition for review was denied by the California Supreme Court. Petitioner contends his appellate counsel told him he would be kept informed and he believed his petition for review was still pending when he filed his supplemental petition for review on September 8, 2004. In actuality, the petition had been denied nearly fifteen months earlier on June 11, 2003.

After conducting discovery, the parties submitted the following documents to the Court for consideration:

1. Prison mail logs for Petitioner;
2. Declaration of Petitioner;
3. Declaration of Petitioner's appellate attorney Rita L. Swenor; and
4. Letter of June 25, 2003, from Rita L. Swenor to Petitioner.

Upon review of these documents, the following relevant facts can be ascertained:

1. Petitioner's appellate attorney Rita L. Swenor informed Petitioner by letter dated April 21, 2003, that she would notify him "of any actions taken by the [California Supreme Court]" with respect to the petition for review (See Attachments to Petition);
2. The letter of April 21, 2003, also informed Petitioner that there was a one-year statute of limitations for filing a federal petition for writ of habeas corpus;
3. The letter of April 21, 2003, also advised Petitioner to commence preparations for a federal habeas action if it was his desire to pursue such relief;
4. Rita L. Swenor prepared a letter to Petitioner dated June 25, 2003, in which she informed Petitioner of the denial of the petition for review (See Letter from Rita L.

|   |     | Swenor); |
|---|-----|----------|

5. Rita L. Swenor does not have an independent recollection of having mailed the letter; however, it is her practice to send such a letter whenever the California Supreme Court denies a petition for review;

6. Petitioner did not receive the June 25, 2003, letter or any other correspondence from Rita L. Swenor concerning the denial of his petition for review;

7. Rita L. Swenor does not recall having any further telephonic or written conversations with Petitioner after the petition for review was denied; and

8. The prison mail logs show no written communications between Petitioner and Rita L. Swenor took place during the relevant time period.

Previously, this Court found that the conduct of Petitioner's appellate attorney was not sufficiently egregious so as to constitute an extraordinary circumstance sufficient to justify equitable tolling. Respondent argues this finding should hold in light of the evidence, whereas Petitioner argues counsel's failure does constitute an extraordinary circumstance justifying application of equitable tolling.

As previously noted, the Ninth Circuit has held that "ordinary attorney negligence will not justify equitable tolling." Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir.2001). In Frye, the Ninth Circuit noted that the petitioner's attorney had miscalculated the statute of limitations deadline. Id. The Ninth Circuit concluded that "the miscalculation of the limitations period by . . . counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling." Id.

In Miranda v. Castro, 292 F.3d 1063 (9th Cir.2002), the petitioner's attorney had informed the petitioner by letter that his petition for review had been denied. The attorney informed the petitioner of the statute of limitations, but miscalculated the date the federal petition was due. Id. at 1066. Specifically, the attorney informed the petitioner that the federal petition was due on April 23, 2001, when it was actually due on April 23, 2000. Id. Relying on this misinformation, the petitioner filed an untimely federal petition. Id. The Ninth Circuit determined that counsel's mistake was simple negligence and therefore did not constitute an extraordinary circumstance justifying equitable tolling.

Id. at 1068.

Other circuits to address this issue have similarly held. See, e.g., Smaldone v. Senkowski, 273 F.3d 133, 138-39 (2d Cir.2001) ("attorney error [is] inadequate to create the 'extraordinary' circumstances equitable tolling requires"); Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.2001) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir.2000) ("[W]e cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that 'extraordinary circumstance' ... that would justify equitable tolling."); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir.1999) (concluding that attorney's miscalculation of limitations period was not a valid basis for equitable tolling); Kreutzer v. Bowersox, 231 F.3d 450, 463 (8th Cir.2000) ("[C]ounsel's confusion about the applicable statute of limitations does not warrant equitable tolling ."); Steed v. Head, 219 F.3d 1298, 1300 (11th Cir.2000) ("An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling."); Sandvik v. United States, 177 F.3d 1269, 1270 (11th Cir.1999) ("mere attorney negligence . . . is not a basis for equitable tolling"); see also, Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (explaining that equitable tolling "do[es] not extend to what is at best a garden variety claim of excusable neglect").

Notwithstanding, the Ninth Circuit has stated that an attorney's *misconduct*, if sufficiently egregious, can constitute an extraordinary circumstance warranting equitable tolling. Ford v. Hubbard, 330 F.3d 1086, 1106 (9th Cir.2003). In Spitsyn v. Moore, 345 F.3d 796 (9th Cir.2003), the Ninth Circuit found the petitioner's attorney had committed misconduct which was sufficiently egregious to justify equitable tolling. In particular, counsel failed to prepare and file a petition even though he had been hired a full year in advance of the deadline. Id. at 801. In addition, Petitioner and his mother had contacted the attorney numerous times, by telephone and in writing, but none of these efforts proved successful. Id. Further, counsel failed to return the petitioner's file despite requests for its return, and counsel kept the file for the entire duration of the limitations period. Id. The Ninth Circuit found that this conduct was so deficient as to distinguish it from mere negligence thereby constituting an extraordinary circumstance. Id.

Several other circuits that have been presented with this issue have likewise held that equitable tolling may be appropriate if counsel's performance was sufficiently egregious. In <u>Nara v. Frank</u>, 264 F.3d 310 (3d Cir.2001), the Third Circuit noted that the petitioner's allegations of counsel's performance, if true, were serious enough to constitute an extraordinary circumstance. The petitioner had alleged that

> his attorney failed to inform him when the Pennsylvania Supreme Court denied review of his motion to withdraw his guilty plea; that his attorney refused to remove herself as appointed counsel after the Pennsylvania Supreme Court decision, thus preventing him from 'moving his case forward,' [citation omitted]; that his attorney led him to believe that she was going to file the federal habeas petition on his behalf; and that his attorney told him that there were no time constraints for filing a petition.

<u>Id</u>. at 320.

In <u>Baldayaque v. United States</u>, 338 F.3d 145, 152 (2d Cir.2003), the Second Circuit acknowledged that "at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." In <u>Baldayaque</u>,

> a federal prisoner sought § 2255 relief, and his wife specifically asked her husband's attorney to file a '2255.' Thereafter, the attorney engaged in repeated misconduct. First he told Baldayaque's wife that it was too late to file a § 2255 motion, when in truth there was over a year remaining on his statute of limitations. Then, when pressed by Baldayaque's wife about the status of his case, the attorney 'assured her that he was 'just waiting for a court date,' although he had apparently not filed anything at that time. Later, the attorney filed a motion to modify Baldayaque's sentence, but it was denied. Baldayaque was not notified about the motion or its denial; instead, the attorney informed his wife that there was nothing more they could do. Baldayaque later filed his own § 2255 motion, which the district court denied as untimely. The Second Circuit reversed, finding that Baldayaque's attorney's conduct - not filing a § 2255 motion despite a directive to do so, giving erroneous legal advice without performing even cursory research, and failing to communicate with his client - was 'far enough outside the range of behavior that reasonably could be expected by a client that they may be considered 'extraordinary' and may provide a basis for tolling for the statue of limitations.

<u>Id</u>. at 152-53.

In <u>United States v. Martin</u>, 408 F.3d 1089 (8th Cir.2005), the Eighth Circuit also found that an attorney's malfeasance can be so egregious as to constitute an extraordinary circumstance. In that case, the attorney "consistently lied to [the petitioner] Martin and his wife about the filing deadline; repeatedly lied to Martin and his wife about the status of Martin's case; refused to communicate with Martin or his family; neglected to file any documents, belated or not, on Martin's behalf; and failed to return any of Martin's paperwork to him despite repeated requests and then demands." <u>Id</u>. at 1095.

This Court agrees with Respondent and finds that appellate counsel's actions were not so egregious as to constitute an extraordinary circumstance. From the evidence, it is clear that counsel informed Petitioner that she would notify him of the result of the petition for review filed in the California Supreme Court. It is clear that Petitioner did not receive this notification. It is apparent that counsel prepared a letter to Petitioner; however, Petitioner did not receive this letter. Therefore, it can only be assumed that the letter was never mailed or that it was lost during transmission. At worst, this conduct is nothing more than simple, ordinary negligence on the part of appellate counsel. Counsel did not deceive or lie to Petitioner. Counsel did not act to thwart Petitioner in his filing of his federal petition. Counsel did not commit bad acts such as those noted in the cases which were deemed sufficiently egregious. Rather, appellate counsel made an error of omission. Such an error is less than or on par in severity with the errors of miscalculations committed by the attorneys in Frye and Miranda. Furthermore, despite appellate counsel's failure to notify of the denial, she did earlier forewarn Petitioner that there existed a one-year statute of limitations for filing a federal habeas action. In addition, in her letter of April 21, 2003, she emphatically advised Petitioner to commence preparations for a federal habeas action if it was his desire to pursue such relief. See Attachments to Petition. Also, appellate counsel's error took place following the denial of the petition for review, and Petitioner does not have a constitutional right to counsel on discretionary appeal to the California Supreme Court. Coleman v. Thompson, 501 U.S. 722, 753-57 (1991); Ross v. Moffit, 417 U.S. 600 (1974). For these reasons, appellate counsel's conduct cannot constitute an extraordinary circumstance sufficient to justify equitable tolling.

As to the diligence prong, it seems clear that Petitioner was prompt in pursuing federal habeas relief after he was informed by the California Supreme Court that his habeas petition and his petition for review had been denied. However, it is questionable whether he exercised reasonable diligence between April 21, 2003, the date of appellate counsel's letter to Petitioner informing him of the filing of the petition for review, until December 14, 2004, the date Petitioner received confirmation from the California Supreme Court of the denial of his petitions. California Rule of Court 28(b)(2) places petitioners on notice that petitions for review will be decided within 90 days. See Smith v. Roe, 1998 WL 657667, *3 n.5 (C.D. Cal.1998). In addition, Petitioner had been

informed by appellate counsel of the statute of limitations and the necessity to commence preparations for filing a federal habeas petition immediately. Yet, Petitioner did not make any attempt to contact his attorney until "sometime during 2004" when he asked his now-deceased father to make contact with appellate counsel. Certainly, something of such importance as contacting one's own attorney should not be left to a family member. Petitioner also states he mailed a letter to his attorney inquiring into the status of the case; however, there is no record of such a letter in the prison mail logs. From the evidence, it appears Petitioner did not make a serious attempt to pursue his case until August 19, 2004, when he filed a "Supplemental Petition for Review" which the California Supreme Court construed as a habeas petition. Therefore, the Court does not find that Petitioner acted with the requisite diligence for application of equitable tolling.

In sum, there is nothing in the record which would lead to a conclusion that appellate counsel's failure to inform Petitioner of the denial of the petition for review was anything more than ordinary negligence. In addition, Petitioner fails to demonstrate that he acted with reasonable diligence in pursuit of his legal remedies. The Court finds that Petitioner is not entitled to equitable tolling. The petition remains untimely and must be dismissed.

III.  Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court does not find that reasonable jurists would find the Court's determination that appellate counsel's actions were not sufficiently egregious to merit equitable tolling to be debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss the petition for violating the one-year statute of limitations is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;

3) The Clerk of Court is DIRECTED to enter judgment;

4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **May 20, 2009**             **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE